UNITED STATES DISTRICTCOURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROYCE RODGERS,

     Plaintiff,

v.

PASCO COUNTY SHERIFF, CHRISTOPHER NOCCO,
COLONEL JEFFREY HARRINGTON,
MAJOR KEN GREGORY, MAJOR OF PATROL OPERATIONS,
LIEUTENANT STEVEN FRICK,
MAJOR STACY JENKINS,

     Defendants.
_____/

CASE NO.: 8:20-cv-3000

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROYCE RODGERS (hereinafter "RODGERS"), by and through his undersigned attorney, files this Complaint and Demand for Jury Trial, individually, bringing this action against Defendants, PASCO COUNTY SHERIFF, CHRISTOPHER NOCCO (hereinafter "NOCCO"); and Colonel JEFFERY HARRINGTON (hereinafter "HARRINGTON"); Major KENNETH GREGORY (hereinafter "GREGORY"), Lieutenant STEVEN FRICK (hereinafter "FRICK"), and Major STACY JENKINS (hereinafter "JENKINS")

### I.   JURISDICTION AND VENUE

1. This action is brought to remedy claims for violations of 18 U.S.C.A. Sec. 1964, the Federal "racketeering" statute.

2. This action also arises under the Constitution and laws of the United States, particularly 42

1

U.S.C. §§ 1983 and 1988, the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution, and applicable Florida Law.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because the claims arise under the laws of the United States and Plaintiff seek redress for violation of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts and Plaintiff' federal claims asserted herein.

4. Plaintiff seeks economic and compensatory damages, attorneys' fees and all other appropriate relief pursuant to governing law.

5. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them, complying with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

6. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and defendants are deemed to reside where they are subject to personal jurisdictions, rendering Defendants residents of the Middle District of Florida.

## PARTIES

7. Plaintiff, ROYCE RODGERS is a citizen of Florida and is a former employee of the Pasco County Sheriff's Office.

8. Defendant, PASCO COUNTY SHERIFF, CHRISTOPHER NOCCO is a citizen of Florida, and, for all times relevant to this complaint, was an employee of THE PASCO

2

COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

9. Defendant, PASCO COUNTY SHERIFF COLONEL, JEFFREY HARRINGTON is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

10. Defendant, PASCO COUNTY SHERIFF MAJOR, KEN GREGORY is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

11. Defendant, PASCO COUNTY SHERIFF LIEUTENANT, STEVEN FRICK is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

12. Defendant, PASCO COUNTY SHERIFF MAJOR STACY JENKINS is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

## GENERAL ALLEGATIONS

13. The named Defendants have engaged in a pattern and practice, through the Pasco Sheriff's Office, of engaging in "racketeering activity" through: Mail fraud-18 U.S.C. § 1341, Wire fraud-18 U.S.C. § 1343, Tampering with a Witness, Victim, or an Informant- 18 U.S.C. § 1512, Theft or embezzlement from employee benefit plan.– 18 U.S. Code § 664.

14. Defendants' conduct violates the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("Federal RICO"), and Florida's Racketeering Statute, Chapter 895 et seq. (Florida "RICO"), as more fully set forth below.

15. The Plaintiffs' individual experiences of intimidation, coercion, extortion and other

unethical behavior by the Defendants, his supervisors at the Pasco Sheriff's Office is well documented and is set out in the body of the Complaint.

16. The customs and practices of the conduct engaged in by the Defendants is predicated on the targeting of Plaintiffs (and others) who would not exhibit undying loyalty to all operational demands the Defendants placed on Plaintiffs, regardless of their legality or constitutionality.

17. At the foundation of this case is the Defendants' implementation of "Intelligence Led-Policing" (ILP). This unique form of criminological policing was implemented by the Sherriff's Office in 2011, and "we have continuously been in the process of improvising, adapting, and overcoming to consistently create positive results in or operations. A copy of the ILP Manual s attached hereto and incorporated herein as Exhibit "A."

18. The "core components" of ILP are predicated in the belief that "6% of criminals commit 60% percent of the crime and others point to 20% of the criminals committing 80% of the crime."

19. The ILP philosophy targets those deemed to be "prolific offenders," and the ILP dictates "it is incumbent on us to focus our efforts on those criminals who we have reason to believe are frequent or prolific offenders."

20. The major problem with the ILP practices demanded by the SHERIFF'S OFFICE is the concept that, "Speed is critical to success and bureaucratic processes that delay implementation must be overcome." The problem is that the "bureaucratic processes" contemplated by the ILP practices are the fundamental constitutional considerations of "probable cause" and the many other constitutional protections that apply to all citizens in a free society.

21. An overarching consideration in this action is that any resistance to the unconstitutional actions demanded by implementation of the ILP by any Plaintiff would result in the swift application of the various tools used by the Defendants which are alleged to comprise the "predicate acts" supporting the "racketeering" conduct described herein.

22. Any resistance, opposition, comment, or even the slightest hint of not "playing along" with these operational demands would be subject to Defendants inflicting abuse, intimidation, threatened or actual incarceration, extortion, defamation and permanent damage to Plaintiffs' ability to pursue alternative careers in law enforcement.

23. When the Defendants did not get what they wanted, they retaliated against the Plaintiffs with baseless internal departmental investigations intended to ruin the Plaintiffs' careers and, in some instances, prevented him from gaining employment with any other law enforcement agency.

24. In approximately 2010, Plaintiff, RODGERS started working for the Pasco Sheriff's Office as a patrol deputy, patrolling District Three (3). In approximately 2012, Plaintiff, RODGERS was selected as a Field Training Officer. In approximately 2013 Plaintiff, RODGERS was appointed to Corporal.

25. In approximately April of 2015 Plaintiff, RODGERS was selected by Defendant, HARRINGTON to head District Three's STAR Team, where they targeted prolific offenders and convicted felons.

26. Under STAR, a new list was generated every week by civilian analysts that would list five (5) new prolific offenders, as well as their families and associates within Pasco County, FL.

27. Defendant, JENKINS ordered Plaintiff, RODGERS to "make their lives miserable until

they move or sue us," referring to the weekly prolific offenders. He was ordered to visit these prolific offenders, their families, and their associates at all hours, numerous times a day.

28. In approximately February of 2016, Plaintiff, RODGERS was promoted to Sergeant for District One (1) Patrol. This was given to him because he continuously followed all of Defendants, NOCCO, HARRINGTON, GREGORY and JENKINS' orders to harass the prolific offenders, their families and their associates.

29. Defendant, RODGERS refused Lieutenant Sarne's order to set up a perimeter while driving Code Three (3) with lights and sirens, towards a Deputy who requested assistance, after a suspect fled from him. It is against Pasco Sheriff's Office General Order to use the computer while driving Code Three (3) and it is extremely dangerous.

30. Plaintiff, RODGERS was ordered by Lieutenant Sarne to find a child abuse case as unfounded. Plaintiff, RODGERS apprised Lieutenant Sarne that he had not yet spoken to the child victim so he could not find it unfounded.

31. Lieutenant Sarne told Plaintiff, RODGERS that he had read the statements made by the suspected parents, and that based on the information, the Complaint was unfounded.

32. Plaintiff, RODGERS insisted that he speak to the victim before making a finding on the case but Lieutenant Sarne ordered him to find the Complaint unfound without conducting the victim interview.

33. Plaintiff, RODGERS was written up for this report, even though the reporting deputy was still investigating the incident with the victim.

    A.    The Plaintiff received an official punishment by having this 'write up' in his record, affecting his ability to obtain employment in other departments, even

      though the investigation was not yet completed.

34. On or about April 23, 2019, when Plaintiff, RODGERS returned from surgery, he met with Defendants, GREGORY and FRICK where he was told that both of his write ups were going to be sustained, but that they were not going to discipline him for them.

35. They informed Plaintiff, RODGERS that they had no evidence of the incident but that he had to resign immediately, or they were going to fire him and he would not be eligible for his vacation or sick pay.

36. Plaintiff, RODGERS was also told that they had just received a Complaint for an incident that happened the previous year, alleging he had pepper sprayed a homeless person's camp. They informed Plaintiff, RODGERS that they had no evidence of the incident, but that he had to resign immediately or they were going to fire him and he would not be eligible for his vacation or sick pay.

37. Plaintiff, RODGERS requested that he be demoted so that he could continue to work at the Pasco Sheriff's Office, instead of being extorted to resign by the Defendants, GREGORY and FRICK.

38. Defendants, GREGORY and FRICK conferred with Defendants, NOCCO and HARRINGTON regarding Plaintiff, RODGERS' request and were advised that they would not allow Plaintiff, RODGERS to stay on with the Pasco Sheriff's Office and that he only had two options: (1) resign immediately; or (2) be fired and the Pasco Sheriff's Office would keep his vacation and sick leave pay totaling approximately twenty six thousand ($26,000) dollars.

    A. The Defendants conspired to violate 18 U.S. Code § 664. – Theft or embezzlement from employee benefit plan "any person who embezzles, steals,

> or unlawfully and willfully abstracts . . . any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith . . ."

39. Defendants, NOCCO, HARRINGTON, GREGORY and FRICK refused to provide any evidence pertaining to the alleged incident against Plaintiff, RODGERS, and for which he was being extorted to resign or be fired.

40. All conduct of Defendants complained of herein was undertaken under color of State law.

41. All conditions precedent to the filing if this Complaint have been satisfied and all administrative remedies have been satisfied or would have been futile.

## COUNT I:
## A DESCRIPTION OF THE PREDICATE ACTS SUPPORTING VIOLATIONS OF FEDERAL AND STATE RACKETEERING STATUTES

42. Plaintiff re-alleges and re-incorporates paragraphs 1-41 above as if set forth fully herein.

   A. The conduct described in the General Allegations above shows that the Defendants violated 18 U.S.C. § 1512(b) – *Tampering with a witness, victim, or an informant*, "whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to… (2) cause or induce any person to…. (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding…." as they ordered Lieutenant Sarne, to impede in this investigation, and subsequently retaliated against the Plaintiff when he had ignored this unlawful order and continued his duties as a Law Enforcement Officer.

   B. The conduct described in the General Allegations above shows that the

        Defendants' refusal to allow the Plaintiff to investigate the incident as described in paragraph 32 is in violation of 18 U.S.C. § 1512. *Tampering with a witness, victim, or an informant*, "whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to… (2) cause or induce any person to…. (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding….". Here Lieutenant, in furtherance of the orderd given to him by the Defendants under the chain of command, corruptly persuaded the Plaintiff from collecting testimony and documents for an official proceeding.

C.     The conduct described in the General Allegations above shows that the Defendants, as ordering these complaints to be filed against the Plaintiff, violated 18 U.S.C. § 1341 – Mail Frauds section "devise any scheme or artifice to defraud… by means of false or fraudulent pretenses". The Defendants false Complaints were created and pursued as a scheme, under false and fraudulent pretenses, to harass the Plaintiff to force him to resign or create grounds for a dismissal.

D.     The conduct described in the General Allegations above shows that the Defendants violated 18 U.S.C §1343 – Wire Frauds section under these same grounds, as all documents, and notices transmitted, drafted, or received in relation to these fraudulent proceedings were transmitted either by mail or electronic means.

E.     The conduct described in the General Allegations above shows that the

        Defendants violated 18 U.S.C. § 1961(1)(A) – Racketeering Activity "any act or threat involving … extortion" by intimidation and threat of dismissal if the Plaintiff did not comply with the order to resign.

F.    The conduct described in the General Allegations above shows that the Defendants conspired to violate 18 U.S. Code § 664. – Theft or embezzlement from employee benefit plan "any person who embezzles, steals, or unlawfully and willfully abstracts . . . any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith . . ."

G.    Based on the foregoing, the Defendants specified in the above Counts have engaged in conduct in violation Mail fraud-18 U.S.C. § 1341, Wire fraud-18 U.S.C. § 1343, Tampering with a Witness, Victim, or an Informant- 18 U.S.C. § 1512, Theft or embezzlement from employee benefit plan.– 18 U.S. Code § 664, and violated Fla. Stat. § 895.02(8)(b) by engaging in conduct defined as "racketeering activity" under 18 U.S.C. s. 1961(1) including extortion, and knowingly and intentionally violated the above listed laws, committing clear cut predicate offenses establishing violations of Federal and State RICO laws, and conspired to interfere with civil rights violations, proximately causing Plaintiffs actual, consequential and special damages.

## PRAYER FOR RELIEF

Plaintiff RODGERS demands judgment and other relief as follows:

A.    An award to Plaintiff's actual, consequential and special damages shown

to be caused by Defendants;

B.     Judgment in an amount equal to three times actual damages sustained by the plaintiff, pursuant to 18 U.S.C. § 1964(c);

C.     Reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

D.     Judgment in an amount equal to three times actual damages sustained by Plaintiff, pursuant Fla. Sta. § 895 et seq.;

E.     Any damages, fees, and costs provided pursuant to Fla. Sta. § 772.104 et seq.;

F.     Such relief as this Court deems necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs herein would demand a JURY TRIAL on all issues so triable.

Respectfully submitted this ___ Day of _____, 2020.

_____
John F. McGuire, Esq
Florida Bar No.: 0000401
McGuire Law Offices, P.A.
1173 NE Cleveland Street
Clearwater, Fl 33755
(P) 727-446-7659
(F) 727-446-0905
info@mcguirelawoffices.com
rgray@mcguirelawoffices.com
ryanramirez@mcguirelawoffices.com

/s/Luke Lirot_____
Luke Lirot, Esq.
Florida Bar Number 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Co-Counsel for Plaintiff*
luke2@lirotlaw.com  (primary e-mail)
krista@lirotlaw.com (secondary e-mail)
sean@lirotlaw.com (secondary e-mail)